1 | Vincent W. Davis. Esq.   (SBN 125399)
2 | Danielle K. Little, Esq.   (SBN 239784)
3 | Law Offices of Vincent W. Davis & Associates
  | 150 N. Santa Anita Avenue, #200
4 | Arcadia, CA 91006
5 | Tel: (626) 446-6442; Fax: (626) 446-6454
6 | Email: v.davis@vincentwdavis.com; d.little@vincentwdavis.com
  | *Attorneys for Plaintiffs*



LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Lisa Ramirez, Edward Ramirez; John Lopez; Mark Lopez; Valerie Fernandez; Marie Hernandez; J.L., a minor; by and through his guardian ad litem; C.L., a minor; by and through his guardian ad litem; D.R., a minor, by and through her guardian ad litem.

Plaintiffs,

v.

County of Los Angeles; City of Bell; Captain A.J. Berner; Lieutenant Victor Sotelo; Deputy Patrick Morey; Deputy Jose Navares; Deputy Thomas Anderson, Deputy Joy Birch, Officer Jaime Baltazar, Officer Greg Clark, Officer Terry Dixon Gustavo Lopez; Jeremy Scott; Tom Kaspar; Sandra Morales; Phil O'Conner; Scott Griffiths; Bryce Matson; Frank Olive; Rene Bardeles; Ronaldo Gonzalez; Oliver Hollis; R. Madoyan and DOES 1 through 10, Inclusive.

CASE NO: CV11- 04057 JHN (NANX)

## COMPLAINT FOR DAMAGES

1. 42 U.S.C. §1983 and Bivens
2. 42 USC §1985 (2)
3. 4th Amendment
4. 42 USC §1985(3)



//





# I.   PREFATORY

1.     This is an action for damages for violations of Plaintiffs' rights pursuant to California Statutory, constitutional and Civil rights laws.

2.     This case involves a series of outrageous governmental actions manifesting complete disregard for the limitations of the law.  The actions of the government and its agents demonstrate a systemic, department-wide practice of disregard of civil rights approved by Department of Homeland Security, Los Angeles County (Sheriff), City of Bell Police Department.  The defendants went to truly unbelievable lengths, abusing their official powers, in an effort to harm against Plaintiffs in one of their media frenzy "stings"

3.     Defendants used their powers in pursuit of this improper goal in numerous ways, including but not limited to, by violating mandatory duties to maintain the confidentiality of plaintiffs' records, by disseminating that private information as well as false information to third parties to place plaintiffs in danger, and by searching Plaintiffs' was pursued despite defendants' full knowledge of plaintiffs' complete innocence, as later established.

4.     This Complaint seeks damages for violation for the First, Fourth and Fifth Amendments of the United States Constitution, false imprisonment, abuse of process,

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

5.     All of the foregoing claims are based upon the unlawful conduct engaged in by all Defendants.

6.     Defendants took these actions in violation of mandatory duties imposed upon them by the United States and California constitutions, and by statues, regulations, rules, policies, procedures and orders in place to protect against the very conduct engaged in by Defendants.  Defendants had no choice but to follow these mandatory constitutional, legal and administrative requirements, but failed to do so, causing harm to Plaintiffs.

## II.    JURISDICTION AND VENUE

7.     The claims asserted herein occurred under the laws of the State of California.

8.     Venue is proper in this court because the events discusses herein occurred in this District.

## III.    PARTIES

9.     Plaintiff Lisa Ramirez is and was, at all relevant times, a resident of the County of Los Angeles, City of Hacienda Heights.  She is Mexican-American.

10.     Plaintiff Edward Ramirez is and was, at all relevant times, a resident of

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

the County of Los Angeles, City of Hacienda Heights.  He is Mexican-American and has a medical condition and disability, to wit, he has diabetes.

11.  Plaintiff John Lopez is and was, at all relevant times, a resident of the County of Los Angeles, City of Hacienda Heights.  He is Mexican-American.

12.  Plaintiff Marie Hernandez is and was, at all relevant times, a resident of County of Los Angeles, City of Hacienda Heights.  She is Mexican-American and disabled, specifically, she has diabetes and asthma.

13.  Plaintiff Mark Lopez is and was, at all relevant times, a resident of the County of Los Angeles, City of Hacienda Heights.  He is Mexican-American.

14.  Plaintiff Valerie Fernandez is and was, at all relevant times, a resident of the County of Los Angeles, City of Hacienda Heights.  She is Mexican-American.

15.  Plaintiff J.L. is and was, at all relevant times, a resident of the County of Los Angeles, City of Hacienda Heights.  He is Mexican-American and a minor.

16.  Plaintiff C.L. is and was, at all relevant times, a resident of the County of Los Angeles, City of Hacienda Heights.  He is Mexican-American and a minor. He is also disabled and /or has a medical condition.

17.  Plaintiff D.R. is and was, at all relevant times, a resident of the County of Los Angeles, City of Hacienda Heights.. She is Mexican-American and a minor.

18.  Defendant COUNTY OF LOS ANGELES is a duly enacted

4<br>COMPLAINT

municipality operating under California state law, of which the Los Angeles County Sheriff's Department (collectively hereafter, "COLA") is an operating Department, Agency and/or Office of County.  COLA is and at all times herein mentioned has been a public entity and an incorporated COLA duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, COLA has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of Defendant Los Angeles COLA Sheriff's Department, and particularly said Department's Patrol, Cops, Industry Station Internal Investigations and Training and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiff, and their tactics, methods, practices, customs and usages.

19.     CAPTAIN A.J. BERNER ("BERNER") was at all relevant times, and on information and belief, employed by the COLA as a Captain in its Sheriff's Department and responsible for the COPS (Community Oriented Policing Services Bureau).  For all purposes connected with matters concerning COLA's policies and customs concerning the municipality's training of peace officers on excessive force, obtaining and executing search warrants and deputies' interactions with the public with whom COLA peace officer employees are expected to come in contact, COLA delegated its final policy-making authority to BERNER.  COLA adopted and ratified

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

all BERNER's decisions made in his official capacity alleged herein as COLA'S own policies, customs, practices and/or decisions, as if the same had been promulgated directly by COLA, except as expressly appears herein to the contrary.

20.     In doing the things alleged herein, BERNER acted under color of state law, within the course and scope of her employment, and as an official policy-maker for COLA.  As a Department Head and/or Representative, BERNER is vested with policy-making authority over actions such as the ones at issue herein.  BERNER is being sued in her official capacity.

21.     BERNER, who at all relevant times mentioned herein, acted intentionally, wantonly and maliciously, and is being sued individually.

22.     LIEUTENANT VICTOR SOTELO ("SOTELO") was at all relevant times, and on information and belief, employed by the COLA as a Lieutenant in its Sheriff's Department.  For all purposes connected with matters concerning COLA's policies and customs concerning the municipality's training of peace officers on excessive force and deputies' interactions with the public with whom COLA peace officer employees are expected to come in contact, COLA delegated its final policy-making authority to SOTELO.  COLA adopted and ratified all SOTELO's decisions made in his official capacity alleged herein as COLA'S own policies, customs, practices and/or decisions, as if the same had been promulgated directly by COLA,

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

except as expressly appears herein to the contrary.

23. In doing the things alleged herein, SOTELO acted under color of state law, within the course and scope of his employment, and as an official policy-maker for COLA. As a Department Head and/or Representative, SOTELO is vested with policy-making authority over actions such as the ones at issue herein. SOTELO is being sued in his official capacity.

24. SOTELO, who at all relevant times mentioned herein, acted intentionally, wantonly and maliciously, and is being sued individually.

25. DEPUTY PATRICK W. MOREY ("MOREY") was at all relevant times, and on information and belief, was employed by the COLA, specifically as a Deputy in its Sheriff's Department. At all times relevant to the allegations contained herein, for all purposes connected with matters concerning COLA's policies and customs as concerns the municipality's training peace officers on excessive force and officers' interactions with the public and individuals with whom COLA peace officer employees are expected to come in contact, COLA delegated its final policy-making authority to MOREY. COLA adopted and ratified each of Deputy Morey's decisions made in his official capacity as alleged herein as COLA'S own policies, customs, practices and/or decisions, as if the same had been promulgated directly by COLA, except as expressly appears herein to the contrary.

26.     In doing the things alleged to have been done herein, MOREY acted under color of state law, within the course and scope of his employment, and as an official policy-maker for COLA.  As a Department Head and/or Representative, MOREY is vested with policy-making authority over actions such as the ones at issue in this action.  MOREY is being sued in his official capacity.

27.     MOREY, who at all relevant times mentioned herein, acted intentionally, wantonly and maliciously, and is being sued individually.

28.     DEPUTY JOSE NEVARES ("NEVARES") was at all relevant times was employed by COLA, specifically as a Deputy in its Sheriff's Department.  At all relevant times, for all purposes connected with matters concerning COLA's policies and customs as concerns the municipality's training peace officers on excessive force and officers' interactions with the public and individuals with whom COLA peace officer employees are expected to come in contact with, COLA delegated its final policy-making authority to NEVARES.  COLA adopted and ratified each of NEVARES' decisions made in his official capacity as alleged herein as COLA'S own policies, customs, practices and/or decisions, as if the same had been promulgated directly by COLA, except as expressly appears herein to the contrary.

29.     In doing the things alleged herein, NEVARES acted under color of state law, within the course and scope of his employment, and as an official policy-maker

for COLA.  As a Department Head and/or Representative, NEVARES is vested with policy-making authority over actions such as the ones at issue herein.  NEVARES is being sued in his official capacity.

30.     NEVARES, who at all relevant times mentioned herein, acted intentionally, wantonly and maliciously, and is being sued individually.

31.     DEPUTY THOMAS ANDERSON ("ANDERSON") was at all relevant times employed by the COLA, specifically as a Deputy in its Sheriff's Department. At all relevant times, for all purposes connected with matters concerning COLA's policies and customs as concerns the municipality's training peace officers on excessive force and officers' interactions with the public and individuals with whom COLA peace officer employees are expected to come in contact, COLA delegated its final policy-making authority to ANDERSON.  COLA adopted and ratified each of ANDERSON decisions made in his official capacity as alleged herein as COLA'S own policies, customs, practices and/or decisions, as if the same had been promulgated directly by COLA, except as expressly appears herein to the contrary.

32.     In doing the things alleged herein, ANDERSON acted under color of state law, within the course and scope of his employment, and as an official policy-maker for COLA.  As a Department Head and/or Representative, ANDERSON is vested with policy-making authority over actions such as the ones at issue in this

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

action.  ANDERSON is being sued in his official capacity.

33.    ANDERSON, who at all relevant times mentioned herein, acted intentionally, wantonly and maliciously, and is being sued individually.

34.    DEPUTY JOY BIRCH ("BIRCH") was at all relevant times employed by the COLA, specifically as a Deputy in its Sheriff's Department.  At all relevant times, for all purposes connected with matters concerning COLA's policies and customs as concerns the municipality's training peace officers on excessive force and officers' interactions with the public and individuals with whom COLA peace officer employees are expected to come in contact, COLA delegated its final policy-making authority to BIRCH.  COLA adopted and ratified each of BIRCH decisions made in his official capacity as alleged herein as COLA'S own policies, customs, practices and/or decisions, as if the same had been promulgated directly by COLA, except as expressly appears herein to the contrary.

35.    In doing the things alleged herein, BIRCH acted under color of state law, within the course and scope of his employment, and as an official policy-maker for COLA.  As a Department Head and/or Representative, BIRCH is vested with policy-making authority over actions such as the ones at issue in this action.  BIRCH is being sued in his official capacity.

36.    BIRCH, who at all relevant times mentioned herein, acted intentionally,

wantonly and maliciously, and is being sued individually.

37.     COLA and all the individual Defendants employed by COLA will hereinafter be referred to as the COLA Defendants.

38.     Defendant CITY OF BELL is a duly enacted municipality operating under California state law, of which the Police Department (collectively hereafter, "BELL") is an operating Department, Agency and/or Office of the city.  BELL is and at all times herein mentioned has been a public entity and an incorporated BELL duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, BELL has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of its police department and subdivisions presently unidentified to Plaintiff, and their tactics, methods, practices, customs and usages.

39.     OFFICER JAIME BALTAZAR was at all relevant times employed by the BELL, specifically as a peace officer in its police's Department.  At all relevant times, for all purposes connected with matters concerning BELL's policies and customs as concerns the municipality's training peace officers on excessive force and officers' interactions with the public and individuals with whom COLA peace officer employees are expected to come in contact, BELL delegated its final policy-making authority to BALTAZAR.  BELL adopted and ratified each of  BALTAZAR

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

decisions made in his official capacity as alleged herein as BELL'S own policies, customs, practices and/or decisions, as if the same had been promulgated directly by BELL, except as expressly appears herein to the contrary.

40.     In doing the things alleged herein, BALTAZAR acted under color of state law, within the course and scope of his employment, and as an official policy-maker for BELL.  As a Department Head and/or Representative, BALTAZAR is vested with policy-making authority over actions such as the ones at issue in this action.  BALTAZAR is being sued in his official capacity.

41.     BALTAZAR, who at all relevant times mentioned herein, acted intentionally, wantonly and maliciously, and is being sued individually.

42.     OFFICER TERRY DIXON ("DIXON") was at all relevant times employed by the BELL, specifically as a peace officer in its police's Department.  At all relevant times, for all purposes connected with matters concerning BELL's policies and customs as concerns the municipality's training peace officers on excessive force and officers' interactions with the public and individuals with whom COLA peace officer employees are expected to come in contact, BELL delegated its final policy-making authority to DIXON.  BELL adopted and ratified each of DIXON decisions made in his official capacity as alleged herein as BELL'S own policies, customs, practices and/or decisions, as if the same had been promulgated

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

directly by BELL, except as expressly appears herein to the contrary.

43.     In doing the things alleged herein, DIXON acted under color of state law, within the course and scope of his employment, and as an official policy-maker for BELL.  As a Department Head and/or Representative, DIXON is vested with policy-making authority over actions such as the ones at issue in this action.  DIXON is being sued in his official capacity.

44.     DIXON, who at all relevant times mentioned herein, acted intentionally, wantonly and maliciously, and is being sued individually.

45.     OFFICER GREG CLARK ("CLARK") was at all relevant times employed by the BELL, specifically as a peace officer in its police's Department.  At all relevant times, for all purposes connected with matters concerning BELL's policies and customs as concerns the municipality's training peace officers on excessive force and officers' interactions with the public and individuals with whom COLA peace officer employees are expected to come in contact, BELL delegated its final policy-making authority to CLARK.  BELL adopted and ratified each of CLARK decisions made in his official capacity as alleged herein as BELL'S own policies, customs, practices and/or decisions, as if the same had been promulgated directly by BELL, except as expressly appears herein to the contrary.

46.     In doing the things alleged herein, CLARK acted under color of state

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

law, within the course and scope of his employment, and as an official policy-maker for BELL. As a Department Head and/or Representative, CLARK is vested with policy-making authority over actions such as the ones at issue in this action. CLARK is being sued in his official capacity.

47.     CLARK, who at all relevant times mentioned herein, acted intentionally, wantonly and maliciously, and is being sued individually.

48.     All the individual Defendants employed by BELL will hereinafter be referred to as the BELL Defendants.

49.     Defendant COUNTY OF LOS ANGELES is a duly enacted municipality operating under California state law, of which the Los Angeles County Sheriff's Department (collectively hereafter, "COLA") is an operating Department, Agency and/or Office of County. COLA is and at all times herein mentioned has been a public entity and an incorporated COLA duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, COLA has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of Defendant Los Angeles COLA Sheriff's Department, and particularly said Department's Patrol, Cops, Industry Station Internal Investigations and Training and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiff, and their tactics,

methods, practices, customs and usages.

50.   RENE BARDELES ("BARDELES") was at all relevant times, and on information and belief, employed by the Department of Homeland Security's Immigration and Customs Enforcement gang unit (hereinafter "ICE").  For all purposes connected with matters concerning ICE's policies and customs concerning the municipality's training of peace officers on excessive force and deputies' interactions with the public with whom ICE peace officer employees are expected to come in contact, ICE delegated its final policy-making authority to BARDELES.  ICE adopted and ratified all BARDELES' decisions made in his official capacity alleged herein as ICE'S own policies, customs, practices and/or decisions, as if the same had been promulgated directly by ICE, except as expressly appears herein to the contrary.

51.   In doing the things alleged herein, BARDELES acted under color of state law, within the course and scope of his employment, and as an official policy-maker for ICE.  As a Department Head and/or Representative, BARDELES is vested with policy-making authority over actions such as the ones at issue herein. BARDELES is being sued in his official capacity.

52.   BARDELES, who at all relevant times mentioned herein, acted intentionally, wantonly and maliciously, and is being sued individually.

53.   BRYCE MATSON ("MATSON") was at all relevant times, and on

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

information and belief, employed by ICE. For all purposes connected with matters concerning ICE's policies and customs concerning the municipality's training of peace officers on excessive force and deputies' interactions with the public with whom ICE peace officer employees are expected to come in contact, ICE delegated its final policy-making authority to CLAUS. ICE adopted and ratified all MATSONS' decisions made in his official capacity alleged herein as ICE'S own policies, customs, practices and/or decisions, as if the same had been promulgated directly by ICE, except as expressly appears herein to the contrary.

54.     In doing the things alleged herein, MATSON acted under color of state law, within the course and scope of his employment, and as an official policy-maker for ICE. As a Department Head and/or Representative, MATSON is vested with policy-making authority over actions such as the ones at issue herein. MATSON is being sued in his official capacity.

55.     MATSON, who at all relevant times mentioned herein, acted intentionally, wantonly and maliciously, and is being sued individually.

56.     R. MADOYAN ("MADOYAN") was at all relevant times, and on information and belief, employed by ICE. For all purposes connected with matters concerning ICE's policies and customs concerning the municipality's training of peace officers on excessive force and deputies' interactions with the public with

whom ICE peace officer employees are expected to come in contact, ICE delegated its final policy-making authority to MADOYAN.  ICE adopted and ratified all MADOYAN's decisions made in his official capacity alleged herein as ICE'S own policies, customs, practices and/or decisions, as if the same had been promulgated directly by ICE, except as expressly appears herein to the contrary.

57.   In doing the things alleged herein, MADOYAN acted under color of state law, within the course and scope of his employment, and as an official policy-maker for ICE.  As a Department Head and/or Representative, MADOYAN is vested with policy-making authority over actions such as the ones at issue herein. MADOYAN is being sued in his official capacity.

58.   MADOYAN, who at all relevant times mentioned herein, acted intentionally, wantonly and maliciously, and is being sued individually.

59.   OLIVER HOLLIS ("HOLLIS") was at all relevant times, and on information and belief, employed by ICE.  For all purposes connected with matters concerning ICE's policies and customs concerning the municipality's training of peace officers on excessive force and deputies' interactions with the public with whom ICE peace officer employees are expected to come in contact, ICE delegated its final policy-making authority to HOLLIS.  ICE adopted and ratified all HOLLIS' decisions made in his official capacity alleged herein as ICE'S own policies, customs,

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

practices and/or decisions, as if the same had been promulgated directly by ICE, except as expressly appears herein to the contrary.

60.     In doing the things alleged herein, HOLLIS acted under color of state law, within the course and scope of his employment, and as an official policy-maker for ICE.  As a Department Head and/or Representative, HOLLIS is vested with policy-making authority over actions such as the ones at issue herein.  HOLLIS is being sued in his official capacity.

61.     HOLLIS, who at all relevant times mentioned herein, acted intentionally, wantonly and maliciously, and is being sued individually.

62.     RONALDO GONZALEZ ("GONZALEZ") was at all relevant times, and on information and belief, employed by the ICE.  For all purposes connected with matters concerning ICE's policies and customs concerning the municipality's training of peace officers on excessive force and deputies' interactions with the public with whom ICE peace officer employees are expected to come in contact, ICE delegated its final policy-making authority to GONZALEZ.  ICE adopted and ratified all GONZALEZ' decisions made in his official capacity alleged herein as ICE'S own policies, customs, practices and/or decisions, as if the same had been promulgated directly by ICE, except as expressly appears herein to the contrary.

63.     In doing the things alleged herein, GONZALEZ acted under color of

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

state law, within the course and scope of his employment, and as an official policy-maker for ICE.  As a Department Head and/or Representative, GONZALEZ is vested with policy-making authority over actions such as the ones at issue herein. GONZALEZ is being sued in his official capacity.

64.     GONZALEZ who at all relevant times mentioned herein, acted intentionally, wantonly and maliciously, and is being sued individually.

65.     FRANK OLIVE ("OLIVE") was at all relevant times, and on information and belief, employed by the ICE.  For all purposes connected with matters concerning ICE's policies and customs concerning the municipality's training of peace officers on excessive force and deputies' interactions with the public with whom ICE peace officer employees are expected to come in contact, ICE delegated its final policy-making authority to OLIVE.  ICE adopted and ratified all ICE's decisions made in his official capacity alleged herein as ICE'S own policies, customs, practices and/or decisions, as if the same had been promulgated directly by COLA, except as expressly appears herein to the contrary.

66.     In doing the things alleged herein, OLIVE acted under color of state law, within the course and scope of his employment, and as an official policy-maker for ICE.  As a Department Head and/or Representative, OLIVE is vested with policy-making authority over actions such as the ones at issue herein.  OLIVE is being sued

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

in his official capacity.

67.     OLIVE, who at all relevant times mentioned herein, acted intentionally, wantonly and maliciously, and is being sued individually.

68.     GUSTAVO LOPEZ ("LOPEZ") was at all relevant times, and on information and belief, employed by the ICE.  For all purposes connected with matters concerning ICE's policies and customs concerning the municipality's training of peace officers on excessive force and deputies' interactions with the public with whom ICE peace officer employees are expected to come in contact, ICE delegated its final policy-making authority to LOPEZ.  ICE adopted and ratified all LOPEZ' decisions made in his official capacity alleged herein as COLA'S own policies, customs, practices and/or decisions, as if the same had been promulgated directly by COLA, except as expressly appears herein to the contrary.

69.     In doing the things alleged herein, LOPEZ acted under color of state law, within the course and scope of his employment, and as an official policy-maker for ICE.  As a Department Head and/or Representative, LOPEZ is vested with policy-making authority over actions such as the ones at issue herein.  LOPEZ is being sued in his official capacity.

70.     LOPEZ, who at all relevant times mentioned herein, acted intentionally, wantonly and maliciously, and is being sued individually.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

71.     JEREMY SCOTT ("SCOTT") was at all relevant times, and on information and belief, employed by the ICE For all purposes connected with matters concerning ICE's policies and customs concerning the municipality's training of peace officers on excessive force and deputies' interactions with the public with whom ICE peace officer employees are expected to come in contact, ICE delegated its final policy-making authority to SCOTT.  ICE adopted and ratified all Scott's decisions made in his official capacity alleged herein as ICE'S own policies, customs, practices and/or decisions, as if the same had been promulgated directly by ICE, except as expressly appears herein to the contrary.

72.     In doing the things alleged herein, SCOTT acted under color of state law, within the course and scope of his employment, and as an official policy-maker for ICE.  As a Department Head and/or Representative, SCOTT is vested with policy-making authority over actions such as the ones at issue herein.  SCOTT is being sued in his official capacity.

73.     SCOTT, who at all relevant times mentioned herein, acted intentionally, wantonly and maliciously, and is being sued individually.

74.     TOM KASPAR ("KASPAR") was at all relevant times, and on information and belief, employed by the ICE.  For all purposes connected with matters concerning ICE's policies and customs concerning the municipality's training

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

of peace officers on excessive force and deputies' interactions with the public with whom ICE peace officer employees are expected to come in contact, ICE delegated its final policy-making authority to KASPAR.  ICE adopted and ratified all KASPAR's decisions made in his official capacity alleged herein as ICE'S own policies, customs, practices and/or decisions, as if the same had been promulgated directly by ICE, except as expressly appears herein to the contrary.

75.    In doing the things alleged herein, KASPAR acted under color of state law, within the course and scope of his employment, and as an official policy-maker for ICE.  As a Department Head and/or Representative, KASPAR is vested with policy-making authority over actions such as the ones at issue herein.  KASPAR is being sued in his official capacity.

76.    KASPAR, who at all relevant times mentioned herein, acted intentionally, wantonly and maliciously, and is being sued individually.

77.    SANDRA MORALES ("MORALES") was at all relevant times, and on information and belief, employed by the ICE.  For all purposes connected with matters concerning ICE's policies and customs concerning the municipality's training of peace officers on excessive force and deputies' interactions with the public with whom ICE peace officer employees are expected to come in contact, ICE delegated its final policy-making authority to MORALES.  ICE adopted and ratified all

MORALES' decisions made in his official capacity alleged herein as ICE'S own policies, customs, practices and/or decisions, as if the same had been promulgated directly by ICE, except as expressly appears herein to the contrary.

78.     In doing the things alleged herein, MORALES acted under color of state law, within the course and scope of his employment, and as an official policy-maker for ICE.  As a Department Head and/or Representative, MORALES is vested with policy-making authority over actions such as the ones at issue herein. MORALES is being sued in his official capacity.

79.     MORALES, who at all relevant times mentioned herein, acted intentionally, wantonly and maliciously, and is being sued individually.

80.     PHIL O'CONNOR ("O'CONNOR") was at all relevant times, and on information and belief, employed ICE. For all purposes connected with matters concerning ICE's policies and customs concerning the municipality's training of peace officers on excessive force and deputies' interactions with the public with whom ICE peace officer employees are expected to come in contact, ICE delegated its final policy-making authority to O'CONNOR.  ICE adopted and ratified all O'CONNOR's decisions made in his official capacity alleged herein as ICE'S own policies, customs, practices and/or decisions, as if the same had been promulgated directly by ICE, except as expressly appears herein to the contrary.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

81.     In doing the things alleged herein, O'CONNOR acted under color of state law, within the course and scope of his employment, and as an official policy-maker for ICE.  As a Department Head and/or Representative, O'CONNOR is vested with policy-making authority over actions such as the ones at issue herein. O'CONNOR is being sued in his official capacity.

82.     O'CONNOR, who at all relevant times mentioned herein, acted intentionally, wantonly and maliciously, and is being sued individually.

83.     SCOTT GRIFFITHS ("GRIFFITHS") was at all relevant times, and on information and belief, employed by ICE.  For all purposes connected with matters concerning ICE's policies and customs concerning the municipality's training of peace officers on excessive force and deputies' interactions with the public with whom ICE peace officer employees are expected to come in contact, ICE delegated its final policy-making authority to GRIFFITHS.  ICE adopted and ratified all GRIFFITHS' decisions made in his official capacity alleged herein as ICE'S own policies, customs, practices and/or decisions, as if the same had been promulgated directly by ICE, except as expressly appears herein to the contrary.

84.     In doing the things alleged herein, GRIFFITHS acted under color of state law, within the course and scope of his employment, and as an official policy-maker for ICE.  As a Department Head and/or Representative, GRIFFITHS is vested

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

with policy-making authority over actions such as the ones at issue herein. GRIFFITHS is being sued in his official capacity.

85.   GRIFFITHS, who at all relevant times mentioned herein, acted intentionally, wantonly and maliciously, and is being sued individually.

86.   All the individual Defendants employed by ICE will hereinafter be referred to as the "ICE Defendants."

87.   None of the home addresses of any local or federal law enforcement officer is known at this time.

88.   The ICE Defendants committed the acts herein within the scope of their authority as federal agents and under color of the laws of the United States.

89.   Defendants DOES 1 THROUGH 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiffs. When their true names and capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities herein. Plaintiffs are informed and believe and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages as herein alleged were proximately caused by those defendants. Each reference in this complaint to "Defendant," "Defendants," or a specifically named defendant refers also to all defendants sued under fictitious names.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

90.     Plaintiffs are informed and believe and thereon alleges that at all times herein mentioned each of the defendants, including all defendants sued under fictitious names, was the agent and/or employee of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of this agency and/or employment.

## IV.   STATEMENT OF RELEVANT FACTS

91.     On or about May 13, 2009 at about 5:40 a.m Defendants executed a baseless search warrant on Plaintiffs' home and/or the place where they had spent the night.

92.     On or about May 13, 2009 at about 5:40 a.m., Plaintiffs herein were awakened, rousted and/or otherwise interrupted from the peace and sanctity of their home and/or their relatives' home by Defendants.

93.     On the aforementioned date, Defendants', pursuant to the directions and acquiescence of their superiors, entered Plaintiffs' residence without a valid search warrant. Defendants utilized what appeared to be over 20 peace officers for the attack on Plaintiffs.

94.     Defendants knew or should have known that the alleged crime for which they were on Plaintiff's premises for in no way involved violence, they were looking

for taggers.

95.   Further, Defendants knew or should have known that of this large multigenerational family, there were only two purported targets, at least if not both, were not in even verified to be in a tagging crew.

96.   Defendants violently banged on Plaintiffs' door as they repeatedly bellowed, "Open the fucking door!"  Defendants also yelled that if the door was not opened, they --- Defendants – would blow Plaintiffs' "fucking heads off."

97.   At no time during this banging and ramming, did Defendants identify themselves as law enforcement officers or that they had a warrant to search the premises.

98.   To a reasonable person Plaintiffs' shoes, the commotion appeared to be a home invasion.  Plaintiff Marie Hernandez and Plaintiff-minor J.L. screamed to Plaintiff Lisa Ramirez that someone was trying to break into their home, while Defendants yelled and demanded that the door be opened and if it was not, they (Defendants) were going to blow the family members "fucking heads off."  Plaintiffs begged Defendants not to shoot and explained that they were trying to open the door, but Defendants continued to threaten to murder them.

99.   Defendants, using force to gain entry, maliciously attacked and seized Plaintiffs with unnecessary, excessive and without cause or provocation, unjustified

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446.6454

force.  Defendants forcibly removed each Plaintiff out of the home and into their carport.  Most, if not all of the Plaintiffs were in a state relative undress/or wearing their pajamas. No one was wearing any article of clothing that had pockets or areas that could hide a weapon nor would any reasonable law enforcement officer have believed that any of the Plaintiffs has a weapon on their persons.

100.   Defendants who at all times acted as a team and/or gang held the entire family at gunpoint, pointing their weaponry at the heads and bodies of some or all Plaintiffs and refused to permit any Plaintiff to leave.  Plaintiffs feared, just as Defendants intended them to fear, that Defendants would use deadly force against them.

101.   The Plaintiffs were told that if they said anything or even moved, Defendants would "blow their fucking heads off."

102.   Plaintiffs were repeatedly told to "shut the fuck up" and ordered to keep their heads and faces against a wall when they asked for and/or demanded the law enforcement officers identify themselves, tell the family why they were in the home, and when they protested their maltreatment or that of other family members.

103.   The other Plaintiffs could see that all their relatives had guns placed to their heads and bodies.

104.   Defendants hurled profanities at some or all of the Plaintiffs, accused

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

some of being gang members, involved with illegal narcotics and demanded to know their nationalities.

105.   Defendants hurled profanities at some or all of the Plaintiffs, accused some of being gang members, involved with illegal narcotics and demanded to know their nationalities.

106.   Plaintiff Edward Ramirez under threats by Defendants that they would murder him if he exercised his constitutional rights was forcibly removed at gun point from his home wearing only his underwear, specifically his briefs.  Defendants also used metal handcuffs to restrain the liberty of Plaintiff doing so in a way that was painful, lasting and humiliating.  Defendants did not allow Plaintiff Edward Ramirez to take his diabetic medication and/or eat so that his sugar level would stay stable. Defendants forced Plaintiff to stand outside in his brief underwear in the cold morning in front of his family and in full view of passers by including school children.   Defendants forced Plaintiff to watch his family, including his terminally ill octogenarian mother, Lupe Mata suffer verbal outrages and physical abuse.

107.   Defendants had no regard for the elderly and disabled Lupe Mata. Despite tearful begging from Plaintiffs and advisement of Lupe Mata's medical condition and disabilities, Defendants nevertheless barged up the stairs of the home, savagely banged on her door and screamed at the frail old woman to exit her room at

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

gunpoint, even though it was plainly obvious that she was elderly, frail and used a walker for mobility purposes.

108.   Defendants grabbed Plaintiff Lisa Ramirez, the owner of the home by her neck, threw her violently, face first against a stucco the wall in her carport and placed her in handcuffs that was excessively tight. Defendants threatened to "blow [her] fucking head off" when she protested the violation of her and her family's rights and pleaded with officers not to kill her family members.  Defendants also used metal handcuffs to restrain the liberty of Plaintiff doing so in a way that was painful, lasting and humiliating.  Defendants knew that Plaintiff was not a criminal suspect. Defendants also knew that Plaintiff was not a target of their raid.  Plaintiff Lisa Ramirez was not given permission to call her fellow carpoolers to advise them to leave their designated location without her.   She was not given permission to call in her absence to her employer or otherwise seek help from Defendants attack against her or her family.

109.   Defendants forcibly grabbed Plaintiff John Lopez, Plaintiff Lisa Ramirez' brother, who happened to be at the home because he had spent the night at a family the night before, and threw him, face first against a stucco wall.  Defendants and their co-conspirators held him at gunpoint.  Defendants knew that Plaintiff was not a criminal suspect.  Defendants also knew that Plaintiff was not a target of their

raid.   Defendants also used metal handcuffs to restrain the liberty of Plaintiff doing so in a way that was painful, lasting and humiliating.   Defendants also handcuffed him so tightly it caused discomfort and significant pain.

110.   Defendants forcibly grabbed Plaintiff Mark Lopez, Plaintiff Lisa Ramirez' brother, who happened to be at the home because he had spent the night at a family the night before, and threw him, face first against a stucco wall.   Defendants and their co-conspirators held him at gunpoint.   Defendants also used metal handcuffs to restrain the liberty of Plaintiff doing so in a way that was painful, lasting and humiliating.   Defendants knew that Plaintiff was not a criminal suspect.   Defendants also knew that Plaintiff was not a target of their raid.

111.   Defendants forcibly grabbed Plaintiff Valerie Fernandez, a relative who lived in the house and threw her face first against a stucco wall.   Defendants and their co-conspirators held her at gunpoint.   Defendants also used metal handcuffs to restrain the liberty of Plaintiff doing so in a way that was painful, lasting and humiliating.   Defendants knew that Plaintiff was not a criminal suspect.   Defendants also knew that Plaintiff was not a target of their raid.

112.   Defendants violently pulled Plaintiff Marie Hernandez out of the house at gunpoint, an older woman.   Defendants pushed her out of her home at gunpoint, and pointed a gun in her face.   Defendants also used metal handcuffs to restrain the

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

liberty of Plaintiff doing so in a way that was painful, lasting and humiliating. Defendants then told Plaintiff Marie Hernandez to stand near the wall and later told Plaintiff Marie Hernandez that she was sit in a chair. Defendants knew that Plaintiff was not a criminal suspect. Defendants also knew that Plaintiff was not a target of their raid.

113. Minor-Plaintiffs C.L. and D.R. were violently pulled out of the house by Defendants who had guns in their holsters in plain view of the minors. Minor Plaintiff J.L. also had a gun pointed at his body. Defendants also used metal handcuffs to restrain the liberty of the minor Plaintiffs doing so in a way that was painful, lasting and humiliating. The minor-Plaintiffs were not allowed to attend school that morning because Defendants refused to permit them to leave. Defendants knew that the minor Plaintiffs were not criminal suspects. Defendants also knew that the minor Plaintiffs were not a target of their raid.

114. Defendants did not provide food or water to any of the Plaintiffs, nor permit them to go to the bathroom or take their medication under threat of being killed if they made requests of moved.

115. Plaintiffs were herded outside like cattle to be seen by their neighbors and schoolchildren who walked by their home. In fact the raid on Plaintiffs home was strategically planned in way so just a thing would happen.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

116.   Plaintiffs, including the elderly and minor family members, were forced to remain outside in the early morning hours and bitter cold for an extended period of time.

117.   Plaintiff were held in their home, against their will for approximately four hours.

118.   Defendants also defiled the sanctity of Plaintiffs home by bringing canine units into the home and permitting the beasts to roam and remain therein.

119.   Defendants, in total disregard for the terror they were levying upon the Plaintiffs, joked, laughed and engaged in puerile discussions in front of the frightened and humiliated Plaintiffs.  Defendants even stated that they would take the tools that were already present on the property and fabricate a story that same were found on one of the family members as stolen property.

120.   While inside Plaintiffs' home, Defendants ransacked all or virtually every room.

121.   Evincing racial animus and/or animus towards a protected class, and the reason for their attack on the family Defendants demanded to know where the Plaintiffs were born, even though all the Plaintiffs are United States citizens and there was no reason for Defendants to believe otherwise.  Defendants treated Plaintiffs' family in this manner based on their perceived notion of Plaintiffs' national origin

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

and assumed because of their color, race and because they were of Mexican descent, that they were in fact illegal immigrants and criminals.

122.   Defendants became angered and accused Plaintiffs of lying when Plaintiffs told them that that none of them were involved in criminal activity.

123.   Defendants also demanded to know how a family `like Plaintiffs' could afford such a large, nice home and luxury cars which were in the driveway.

124.   Constitutional requests by Plaintiffs demanding to see a search warrant or to be provided justification for Defendants' entry were refused.  When Defendants finally did so, Defendants left on a table a scant two-page document which neither contained an address nor a name of the person to be searched or seized.

125.   When Defendants finally ceased their conduct and left, they only issued tickets to two of family members for possession of minor amounts of marijuana.

126.   At no time during the events described above were the Plaintiffs a threat to the safety of themselves or others, or disorderly.  They had not committed any criminal offenses.

127.   The Defendants had no legal cause or excuse to seize or justify the seizure of the Plaintiffs, search and handcuff them and detain them for multiple hours. The officers' actions demonstrate a malicious intent and a reckless and callous indifference to Plaintiff's constitutional rights.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

128.   Defendants obtained the search warrant by making the erroneous suggestion to the tribunal that because a local tagging crew had purportedly recently aligned themselves with an alleged violent criminal street gang --- Puente 13 – that such justified the search warrant.  However, there was absolutely no evidence tying any Plaintiff, or any of their relatives to any alleged crime, the focus of which in the search warrant was merely graffiti.

129.   At all times during the events described above, the defendant officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence, as well as the support, authority and resources of their offices to each other during these events.

130.   On and before the date herein, Defendants, and each of them, and in particular, supervising peace officer's of COLA on scene and Defendant Captain A.J. BERNER, who is in charge of the COPS Bureau, approved the uses of force against Plaintiffs, and joined in the corrupt and collusive cover up which included hiding who they were and what agencies they represented, approving the uses of force as being within department policy, practice and custom.

131.   COLA terrorized Plaintiff for an apparent photo opportunity and evinced same via an email on or about April 10.

132.   The acts discussed herein was excessive in that there was no reason to

assault Plaintiffs, none of whom were targets of the raid or criminal suspects, when Defendants' targets, at most were one or two persons within the home and the alleged crime for which they conducted the raid was for vandalism, a non-violent act.

133.    Defendants used the power of their offices to effectuate these unlawful, brutal, excessive force raids against Mexican American families in the city that same morning.  Further, COLA Defendants and BELL Defendants, and the individual law enforcement deputies, officers, and/or agents who were involved with this incident and/or incidents, should know and did know that said law enforcement deputies, officers, and/or agents would and will not ensure that the constitutional rights of the Los Angeles citizenry will be protected because there was something in these individuals' backgrounds which show they have a propensity for violence, false testimony, exaggerating information in support of affidavits, lying or misrepresenting information to judges and superiors to obtain warrants, not understanding or failing to follow state and federal law,  using excessive amounts of force against individuals whom COLA Defendants, BELL Defendants and ICE Defendants know to be innocent and not the targets of their investigations and raids to effectuate arrests and searches and to terrorize citizens in their homes.

134.    As a direct and proximate cause of the said acts of the defendant officers, Plaintiffs suffered the following injuries and damages:

    1)  violation of their constitutional                 rights under Articles §§7, 13, 17

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

and 26 of the California Constitution and their rights under the Fourth and Fourteenth Amendment to the United States Constitution to be free from unreasonable searches and seizures of there persons and excessive force;

2) The right under the First Amendment to protest police brutality without fear or threat of harm by government agents;

3) Loss of their physical liberty;

4) Physical pain and suffering degradation and emotional trauma and suffering.

135.   The actions of Defendants violated the following clearly established federal constitutional rights of Plaintiffs:

1) Freedom from the unreasonable search and seizure of their persons without probable cause and beyond the scope of the warrants;

2) Freedom from the use of excessive, unreasonable and unjustified force against their persons;

3) Freedom under the First Amendment to protest police brutality without fear or threat of harm by government agents.

## FIRST CAUSE OF ACTION
**42 U.S.C. § 1983 for state actors, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) for federal actors**

136.   Plaintiffs re-allege and incorporates all the preceding paragraphs as though fully set forth herein.

137.   Plaintiffs had the right to be free from unreasonable searches and seizures, and the right to be free from          excessive use of force.  These rights and

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

privileges are secured by the Fourth Amendment, 42 USC §1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Further this action at law for money damages arises under Title 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution. All these rights were infringed by Defendants' conduct.

138.   By the above- described acts, including (but not limited to) refusal to conduct any reasonable investigation into probable cause, issuing an invalid warrant, seizing and detaining a family of U.S. citizens at gunpoint and the threat of death to themselves or their family members without jurisdiction, failing to perform any investigation into the reasonableness of conducting the raid in a way that would necessarily target innocent persons, and continuing to hold Plaintiffs in handcuffs long after Defendants knew that Plaintiffs posed no threat to themselves or others, or that such prolonged handcuffing was unnecessary for officer safety, Defendants violated Plaintiffs' clearly established right to be free from unreasonable searches and seizures as guaranteed by the Fourth Amendment to the Constitution of the United

States. Defendants had no legal basis upon which to seize Plaintiffs, and/or to seize Plaintiffs for as long as they did.

139.   At all time mentioned herein, COLA employed the Sheriff deputies complained of herein and other Doe Defendants.  COLA provided its employees and agents with official badges and identification cards which designated and described the bearer as employees of COLA.

140.   At all time mentioned herein, BELL employed the police officers complained of herein and other Doe Defendants.  BELL provided its employees and agents with official badges and identification cards which designated and described the bearer as employees of BELL.

141.   During all times mentioned herein, the individual Defendants, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, policies, practices customs, and usages of COLA, the City of Bell and Department of Homeland Security. Each of the individual Defendants here, separately and in concert, deprived Plaintiffs of the rights, privileges and immunities secured to them by the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution and the laws of the United States.

142.   Defendants assaulted and battered Plaintiffs as described herein, actions which constitute excessive, unjustifiable, unreasonable force in violation of and indifference to Plaintiffs' right to be free     from unreasonable searches and seizures.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

These actions violated Plaintiffs' Fourteenth Amendment rights to substantive due process, privacy, their right to associate with her family, their right to enjoy their care and comfort, familial relationship, society and right to be free from unreasonable intrusions upon their family unit. Defendants intruded upon these rights with deliberate indifference and in a manner that shocks the conscience.

143.   These constitutional violations were proximately caused by COLA Defendants, BELL Defendants and the ICE Defendants' deliberate indifference to the maintenance, training and control of its peace officers and those who work with the COPS Bureau headed by Captain A.J. Berner, and the injuries and constitutional violations set forth herein were proximately caused by the customs, practices and policies and decisions of COLA, BELL and ICE Defendants who ratified such actions even though they should have know actively engages in the violation of basic constitutional rights of citizens, both individually and collectively, including but not limited to inadequately training and supervising, police officers with respect to reasonable and proper use of physical force against civilians, including those who are in the sanctity of their own home where they should be free from unlawful intrusions.

144.   COLA'S and BELL'S official policy makers took the acts and omissions described herein as members charged with such responsibility. It was or should have been plainly obvious to any reasonable policy-making official of COLA and BELL who ratified same, that the acts and          omissions of Defendants as alleged

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

herein, taking singly or in conjunction, directly violated and continued to violate Plaintiffs' clearly established constitutional and statutory rights.

145.   Plaintiffs are informed and believe that before the May 13, 2009 COLA and BELL, hired, trained, supervised, employed, and/or managed and ratified the actions of the individual Defendant law enforcement officers with conscious disregard of and deliberate indifference to the constitutional rights of third parties, in that it was plainly obvious to COLA, that these officers were violent, trigger-happy and dangerous employees, prone to unlawfully enter the home of, detain and/or assault civilians without reasonable justification, and in a manner that demonstrates callous disregard for the safety of third parties, and assault and batter persons, or assist in and/or conspire to cover up same, and/or use unreasonable, unjustifiable, potentially deadly and/or unlawful use of physical force.

146.   Because adequate scrutiny of these individual officers' backgrounds would have led reasonable policy makers in COLA and BELL to conclude that the plainly obvious consequence of the decision to hire the Sheriff's Deputies, Bell Defendants and Does 1-10 would be the deprivation of a third party's Fourth Amendment right to be free from unreasonable and excessive force, unlawful home intrusion, as well as the conscious cover-up of such illegality, the municipal Defendants were deliberately indifferent to Plaintiffs' federally and state-based protected rights when COLA's Sheriffs        deputies, Bell police officers and Does 1-

1   10 were hired, retained and later supervised.

2        147.   The details of the facts surrounding Plaintiffs' assault and battery is and

3   was known to COLA and BELL, and said agency knew that the facts reveal that such

4   assaulting was unlawful and represented and unconstitutional display of

5

6   unreasonable, excessive and potentially deadly force.  Notwithstanding this

7   knowledge, the policy makers of COLA and BELL, have made deliberate choice to

8   endorse Plaintiffs' assault and battery at the hands of their employees and the claimed

9   basis for same.  By doing so, the authorized policy makers of COLA and BELL, have

10  shown affirmative agreement with the individual officers' actions and omissions as

11  described herein and have ratified same.

12

13       148.   Despite the fact COLA and BELL, knew or should have known that the

14  actions, practices, policies, customs, and omissions, both formal and informal, were

15  being carried out by its employees and agents, COLA and BELL, failed to and has

16  taken no steps to prevent such to prevent this course of conduct, nor to make redress

17  to Plaintiffs or other civilians injured thereby, and has failed to take any disciplinary

18  action whatsoever against its employees and agents.

19

20       149.   The above actions, omissions and ratifications were done under color of

21  state law and resulted in the violation of Plaintiffs' constitutional rights as stated

22  herein.  Likewise, the customs, practices, polices and decisions by all Defendants

23  violated of Plaintiffs' constitutional          rights.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

150.   Each of the individual defendants and municipal defendants acted in concert, outside the scope of his/her jurisdiction and without authorization of law.

151.   Each of the individual defendants, separately and in concert, acted willfully, knowingly and with reckless disregard and deliberate indifference to the known consequences of their acts and omissions, and purposely with their intent to deprive Plaintiffs of her federally protected rights, and did in fact violate same, entitling Plaintiffs to punitive and exemplary damages against the non-municipal Defendants for an amount to be proven at trial.

152.   The individual Defendants who are law enforcement professionals and sworn to uphold the constitution, deliberately engaged in corruption and violations of Plaintiffs' clearly established constitutional rights.  By the nature of their conduct, the individual Defendants are not entitled to qualified immunity.

153.   No reasonable person would have expected such a harmful and offensive contact from law enforcement under the circumstances, especially persons who had been sleeping peacefully in their own home.

154.   At no time did Plaintiffs consent to the acts of defendants alleged above. Plaintiffs reasonably feared being seriously injured, maimed, shot and/or killed.

155.   In doing the acts as alleged above, Defendants intended to and did in fact cause Plaintiffs in apprehension of a harmful or an offensive contact with his person.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

156.   Each of the Sheriff's Deputies, police officers and federal agents/officers present on the scene, including but not limited to the named law enforcement officers herein sued in their individual and official capacities, had an affirmative duty to intervene and cause such illegal conduct to immediately cease.  However, none stopped the others from acting unlawfully towards Plaintiffs but instead aided and abetted each other's unlawful acts.

157.   When Plaintiffs were assaulted and placed in fear, they were not armed with any weapon, they posed no serious threat of serious injury to any officer nor any other individual, they made no verbal threat, they made no aggressive movement, and they made no physical movement which would suggest to any reasonable officer that they had the will or ability to inflict substantial bodily harm to any individual.

158.   Further, prior to and during the time in which Defendants assaulted Plaintiffs, none of the Sheriffs deputies were faced with any circumstances which would have led a reasonable police officer to believe that Plaintiffs posed a risk of death or serious bodily injury to any person or to believe that the excessive amount of force inflicted upon Plaintiffs were in fact, necessary.

159.   Upon information and reasoned belief, none of the Defendants, as law enforcement agencies and/or peace officers complied with their legal duty to *truthfully* report each other's actions as described above.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

160.   Upon information and reasoned belief, Defendants' failure to comply with their statutory duty to *truthfully* fulfill their duties was part of a conspiracy to shield each others' identities to prevent Plaintiffs from being able to lodge a complaint or seek all available legal redress.

161.   Defendants, and each of them, carried out and perpetrated the mutually supportive conspiracy to deprive Plaintiff of their rights against unreasonable searches and seizures, due process by participating in a corrupt effort to harass, terrorize, humiliate and fraudulently convict Plaintiffs on false charges manufactured and supported by Defendants.

162.   Defendants did not have a validly issued warrant, nor were any exigent circumstances present that could justify their intrusion into Plaintiffs' home and Defendants conduct once inside the home.

163.   The individually named Defendants' failure to knock and announce before they entered Plaintiffs' home and/or doing so under threat of murdering Plaintiffs was at all times intentional, reckless and/or deliberately indifferent to Plaintiffs rights as set forth under the Fourth and Fourteenth Amendment to the Constitution.

164.   The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by COLA and BELL include, but are not limited to:

1)   COLA and BELL had                 knowledge, prior to and since

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

this incident, of repeated allegations of abuse and assaultive misconduct toward citizens of Los Angeles, especially Mexican-American citizens; specifically, COLA knew Defendants DOES 1-10, had in the past and since Plaintiff's incident, committed similar acts of official dishonesty, abuse and abusive use of search warrants;

2)   COLA and BELL had knowledge, prior to and since this incident, of similar allegations of abuse and dishonesty by Defendants, and refused to enforce established administrative procedures to insure the safety of toward citizens of Los Angeles, especially Mexican-American citizens;

3)   COLA and BELL refused to adequately discipline individual officers and employees found to have committed similar acts of abuse and misconduct;

4)   COLA and BELL refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by its Sheriff's Department deputies and/or police officers;

5)   COLA and BELL reprimanded, threatened, intimidated, demoted and fired officers who reported acts of abuse by other officers;

6)   COLA and BELL covered up acts of misconduct and abuse by its Sheriff's Department officers and sanctioned a code of silence by and among officers;

7)   COLA and BELL knew of and sanctioned the custom and practice of fabricating reasons for obtaining search warrants and/or invading the sanctity of the homes and educational rights of toward citizens of Los Angeles, especially Mexican-American citizens;

8)   COLA and BELL failed to adequately train and educate its officers in the use of reasonable and proper force and failed to enforce the department's

written regulations with respect to uses of force;

9)   COLA and BELL failed to adequately supervise the actions of its officers under their control and guidance;

10)  COLA and BELL condoned and participated in the practice of executing legally infirm search warrants for the purpose of insulating itself and its officers from civil liability;

11)  COLA and BELL condones and encourages a conspiracy of silence among its employees for the purpose of concealing and furthering wrongful and illegal conduct by its employees;

12)  COLA and BELL fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by May 13 2009 and thereafter, represented the unconstitutional policies, practices and customs of the COLA.

165.   By reason of the aforesaid policies, customs, practices and usages, plaintiff's First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution were violated.

## SECOND CAUSE OF ACTION
## CONSPIRACY TO VIOLATE CIVIL RIGHTS [42 USC §1985]
### *AGAINST ALL DEFENDANTS*

166.   Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

167.   After the unlawful intrusion and assault of Plaintiffs, and sometime during and/or after PLAINTIFFS had been detained, COLA Defendants, BELL

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

Defendants and ICE Defendants joined together and discussed amongst themselves their respective roles in the incident.

168.   During the incident as alleged herein, COLA Defendants, BELL Defendants and ICE Defendants all by reason of Defendants' animus against persons of color, including Hispanic-Americans of which class Plaintiffs belong, invidiously discriminated and conspired together to act and to fail to act as hereinbefore alleged, for the purpose of impeding, hindering, obstructing, and defeating the due course of justice in the State of California

169.   Defendants, and each of them, purposefully, under color of law, planned and conspired to deny Plaintiff equal protection of the laws by (a) denying the right to be free from unreasonable search and seizure; and (b) denying the right not to be deprived of property and liberty without due process of law.  Thus, Defendants, and each of them, violated 42 U.S.C. §1985(2).

170.   The above actions and omissions were done under color of state law and resulted in the violation of Plaintiffs' constitutional rights as stated herein.  Likewise, the customs, practices, polices and decisions by all Defendants resulted in a violation of Plaintiffs' constitutional rights,

171.   Each of the individual and municipal defendants acted in concert, acted outside the scope of his/her jurisdiction and without authorization of law.

172.   Each of the individual          defendants, separately and in concert,

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

acted willfully, knowingly and with reckless disregard and deliberate indifference to the known consequences of their acts and omissions, and purposely with their intent to deprive Plaintiffs of his federally protected rights, and did in fact violate same, entitle ling Plaintiffs to punitive and exemplary damages against the non-municipal Defendants.

173.   The individual Defendants, who are law enforcement professionals and sworn to uphold the constitution, deliberately engaged in corruption and violations of Plaintiffs' clearly established constitutional rights.  By the nature of their conduct, the individual COLA Defendants, BELL Defendants and ICE Defendants are not entitled to qualified immunity.

174.   The individual Defendants who are employees of  HACIENDA LA PUENTE SCHOOL DISTRICT, who are educators licensed by the state of California and obligated to uphold the educational and constitutional rights of its students, including ensuring that they take no action that would reasonably lead to harm to its student shareholders, deliberately engaged in corruption and violations of the minor Plaintiffs clearly established constitutional rights.  The school district's duty is to its stakeholders which include its students and their parents and legal guardians *and not the* COLA Defendants, BELL Defendants and ICE Defendants.  Further the school district's business is that of education *and not law enforcement*.   A school district should *not* act as an agent of the police,        especially against its  vulnerable minor

students. Doing otherwise shocks the conscience of an ordered society and is an affront to basic fundamental liberty and due process.  These duties are plainly obvious and non-delegable. Thus, by the nature if their conducts, none of the individual Defendants of HACIENDA LA PUENTE SCHOOL DISTRICT are entitled to qualified immunity.

175.   As a further proximate result of the acts of defendants, and each of them, as alleged in Plaintiffs were hurt and injured in their health, strength, and activity, sustaining injury to them  nervous system and person, shock, embarrassment, humiliation, suffering, grief, apprehension, and indignity, all of which have caused, and continue to cause, Plaintiffs great mental, physical, and nervous pain and suffering. Plaintiffs are informed and believe and thereon allege that these injuries will result in some permanent disability to them. As a result of these injuries, Plaintiffs has suffered general damages.  As a further proximate result of the acts of defendants, and each of them, Plaintiffs has incurred, and will continue to incur, medical and related expenses. The full amount of these expenses is not known to Plaintiffs at this time.

**THIRD CAUSE OF ACTION**
**FOURTH AMENDMENT**
*AGAINST ALL DEFENDANTS*

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

176.   Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

177.   The Fourth Amendment, which is applicable to the states through the Fourteenth Amendment, provides that no search or seizure can be conducted without the authority of a warrant, and that further, a warrant may not be issued without probable cause. See Maryland v. Dyson (1999) 527 U.S. 465, 466 (1999); California v. Carney, 471 U.S. 386, 390-39 (1985).

178.   The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. This inestimable right of personal security belongs as much to the citizen on the streets as to the homeowner closeted in his study to dispose of his secret affairs.

179.   "No right is held more sacred, or is more carefully guarded, by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law."  Terry v. Ohio, 392 U.S. 1, 8- 9 (1968).

180.   COLA's entry into Plaintiffs home was executed without a lawful warrant. It is a fundamental principle of the law of search and seizure that when a person is detained or arrested without an arrest warrant, or a person or place is searched without a search warrant, the          police have the burden of showing the

legality of that seizure of evidence. People v. Miranda, 17 Cal.App.4th 917, 926 (1993). "[P]olice bear a heavy burden when attempting to demonstrate an urgent need that might justify warrantless searches or arrests." LaLonde v. City of Riverside, 204 F.3d 947 (2000); see also, Badillo v. Superior Court, 11 Cal.2d 269, 272 (1956); People v. Sedillo, 135 Cal.App.3d 616 (1982); People v. Williams, 20 Cal.4th 119 (1999).

181.   Although the Fourth Amendment does not require an arrest warrant for an arrest made in a public place it is needed to make an arrest within a residence. The Fourth Amendment prohibits a warrantless entry into a person's home to make an arrest absent consent. Payton v. New York, 445 U.S. 573, 576 (1980); People v. Ramey, 16 Cal.3d 263, 276 (1976); People v. Bennett, 17 Cal.4th 373, 384 (1998). The Fourth Amendment also gives privacy within the home the highest degree of constitutional protection; accordingly, courts have "drawn a firm line at the entrance to the house" against warrantless arrests and searches. Payton v. New York, 445 U.S. at 590.

182.   The entry into Plaintiffs' home and/or place where he was spending the night was done without the benefit of a valid warrant and is therefore in violation of the Fourth Amendment. In this case, the deputies, police officers and federal agents did not have consent to enter into their home.

183.   Although consent to enter a     residence is an exception to the Fourth

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

Amendment warrant requirement when the police claim that a search was consensual, it has the burden of proving that the search comes within the consent exception to the warrant requirement. Contained within that burden is "proving that the defendant's manifestation of consent was the product of his free will and not a mere submission to an express or implied assertion of authority." People v. James, 19 Cal.3d 99, 106 (1977).

184.   Additionally, the scope of any consent to enter a residence is limited to the stated purpose of the entry.   For example, an officer's request to enter to talk to a defendant does not encompass the right to arrest her. In re Johnny V., 85 Cal.App.3d 120, 130 (1978); People v. Superior Court (Kenner), 73 Cal.App.3d 65, 69(1977)). The entry into Plaintiffs' residence was without consent and therefore was in violation of the Fourth Amendment. Here, none of the Plaintiffs were targets of the raid, and Defendants could have apprehended those who were, in a way that did not violate the constitutional rights of their family members.

185.   As a further proximate result of the acts of defendants, and each of them, as alleged in Plaintiffs were hurt and injured in their health, strength, and activity, sustaining injury to them  nervous system and person, shock, embarrassment, humiliation, suffering, grief, apprehension, and indignity, all of which have caused, and continue to cause, Plaintiffs great mental, physical, and nervous pain and suffering. Plaintiffs are informed and        believe and thereon allege that these

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

injuries will result in some permanent disability to them. As a result of these injuries, Plaintiffs has suffered general damages.  As a further proximate result of the acts of defendants, and each of them, Plaintiffs has incurred, and will continue to incur, medical and related expenses. The full amount of these expenses is not known to Plaintiffs at this time.

## FOURTH CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. §1985(3)
### Against All Defendants

186.   Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

187.   By virtue of the foregoing, Defendants DOES 1-10, and two or more of them, conspired for the purpose of: (i) depriving Plaintiff of (a) equal protection of the law; and (b) equal protection and immunities under the law; and for the purpose of (ii) preventing and hindering the constituted authorities from giving and securing to Plaintiff equal protection of the law and deprivation of liberty and property without due process of law.

188.   Defendants did and caused to be done, an act or acts in furtherance of the object of the conspiracy, whereby Plaintiff was deprived of the rights and privileges as set forth above.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 NORTH SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

189.   Defendants' conduct was intentional, outrageous, malicious, and done for the purpose of or with reckless disregard for the consequences, causing Plaintiffs to suffer emotional suffering and mental distress, a criminal trespass, the indignity of an unlawful detention, interrogation, fear, anxiety, and mental anguish.

190.   As a further proximate result of the acts of defendants, Plaintiffs were hurt and injured in their health, strength, and activity, sustaining injury to them nervous system and person, shock, embarrassment, humiliation, suffering, grief, apprehension, and indignity, all of which have caused, and continue to cause, Plaintiffs great mental, physical, and nervous pain and suffering. Plaintiffs are informed and believe and thereon allege that these injuries will result in some permanent disability to them. As a result of these injuries, Plaintiffs has suffered general damages.  As a further proximate result of the acts of defendants, and each of them, Plaintiffs has incurred, and will continue to incur, medical and related expenses to be proven at trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request relief as follows:

1) Trial by jury

2) Compensatory damages in an amount to be proven at trial.

3)  Punitive damages as permitted by law in an amount to be proven at trial.

4)  Costs and reasonable attorney fees

5)  The right to conform the pleadings to the proof and evidence presented at trial.

6)  Such other relief as the Court deems just and equitable.

DATED: May 11, 2011            LAW OFFICES OF VINCENT W. DAVIS
                                & ASSOCIATES


                          BY:   ___/s/ Danielle K. Little_____
                                Vincent W. Davis, Esq.
                                Danielle K. Little, Esq.
                                *Attorneys for Plaintiffs, Lisa Ramirez et. al.*

# DEMAND FOR TRIAL BY JURY

PLAINTIFF hereby demands a jury trial under F.R. Civ. P., Rule 38 and C.D. Cal. Rule 38-1.

DATED: May 11, 2011                    LAW OFFICES OF VINCENT W. DAVIS
                                       & ASSOCIATES


                           BY:    /s/ Danielle K. Little
                                  Vincent W. Davis, Esq.
                                  Danielle K. Little, Esq.
                                  *Attorneys for Plaintiffs Lisa Ramirez et. al.*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I. (a) PLAINTIFFS (Check box if you are representing yourself □) | DEFENDANTS |
|---|---|
| Lisa Ramirez et. al. (See attached CAPTION PAGE) | County of Los Angeles et. al. (See attached CAPTION PAGE) |

COPY

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Vincent W. Davis, Esq. Danielle K. Little, Esq. (Attorneys for Plaintiffs) Law Offices of Vincent W. Davis & Associates, 150 N. Santa Anita Avenue, #200, Arcadia, CA 91006; Tel: 626-446-6442 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff      ☑ 3 Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant      □ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    □ 2 Removed from State Court    □ 3 Remanded from Appellate Court    □ 4 Reinstated or Reopened    □ 5 Transferred from another district (specify):    □ 6 Multi-District Litigation    □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☑ Yes    □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** □ Yes    ☑ No        □ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. 1983, Bivens v. Six Unknown Named federal Agents, 403 U.S. 388 (1971)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS | TORTS | PRISONER | LABOR |
|---|---|---|---|---|---|
| | | PERSONAL INJURY | PERSONAL PROPERTY | PETITIONS | □ 710 Fair Labor Standards Act |
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 720 Labor/Mgmt. Relations |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | | |
| □ 430 Banks and Banking | □ 130 Miller Act | | □ 380 Other Personal Property Damage | □ 530 General | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 320 Assault, Libel & Slander | □ 385 Property Damage Product Liability | □ 535 Death Penalty | |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 330 Fed. Employers' Liability | | □ 540 Mandamus/ Other | □ 740 Railway Labor Act |
| □ 470 Racketeer Influenced and Corrupt Organizations | | □ 340 Marine | BANKRUPTCY | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 480 Consumer Credit | □ 151 Medicare Act | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 490 Cable/Sat TV | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| □ 810 Selective Service | | □ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | □ 610 Agriculture | □ 820 Copyrights |
| □ 850 Securities/Commodities/ Exchange | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 360 Other Personal Injury | □ 441 Voting | □ 620 Other Food & Drug | □ 830 Patent |
| □ 875 Customer Challenge 12 USC 3410 | □ 160 Stockholders' Suits | □ 362 Personal Injury-Med Malpractice | □ 442 Employment | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 840 Trademark |
| □ 890 Other Statutory Actions | □ 190 Other Contract | | □ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| □ 891 Agricultural Act | □ 195 Contract Product Liability | □ 365 Personal Injury-Product Liability | □ 444 Welfare | | □ 861 HIA (1395ff) |
| □ 892 Economic Stabilization Act | □ 196 Franchise | □ 368 Asbestos Personal Injury Product Liability | □ 445 American with Disabilities - Employment | □ 630 Liquor Laws | □ 862 Black Lung (923) |
| □ 893 Environmental Matters | REAL PROPERTY | | | □ 640 R.R. & Truck | □ 863 DIWC/DIWW (405(g)) |
| □ 894 Energy Allocation Act | □ 210 Land Condemnation | IMMIGRATION | □ 446 American with Disabilities - Other | □ 650 Airline Regs | □ 864 SSID Title XVI |
| □ 895 Freedom of Info. Act | □ 220 Foreclosure | □ 462 Naturalization Application | | □ 660 Occupational Safety /Health | □ 865 RSI (405(g)) |
| □ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | □ 230 Rent Lease & Ejectment | □ 463 Habeas Corpus-Alien Detainee | ☑ 440 Other Civil Rights | □ 690 Other | FEDERAL TAX SUITS |
| | □ 240 Torts to Land | | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| | □ 245 Tort Product Liability | □ 465 Other Immigration Actions | | | □ 871 IRS-Third Party 26 USC 7609 |
| □ 950 Constitutionality of State Statutes | □ 290 All Other Real Property | | | | |

CV11- 04057

**FOR OFFICE USE ONLY:** Case Number: Remanded: CV 10-7359 GW (CWx) (State causes of action only)

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.



**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☐ No  ☑ Yes
If yes, list case number(s):  Remanded: CV 10-7359 GW (CWx) (State causes of action only)

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No  ☑ Yes
If yes, list case number(s):  Remanded: CV 10-7359 GW (CWx) (State causes of action only)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☑ A.  Arise from the same or closely related transactions, happenings, or events; or
   ☑ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
   ☑ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☑   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☑   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):**   _[signature]_        Date  May 11, 2011

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CAPTION PAGE

Lisa Ramirez, Edward Ramirez; John Lopez; Mark Lopez; Valerie
Fernandez; Marie Hernandez; J.L., a minor; by and through his guardian ad
litem; C.L., a minor; by and through his guardian ad litem; D.R., a minor, by
and through her guardian ad litem.

                                  Plaintiffs,

          v.

County of Los Angeles; City of Bell; Captain A.J. Berner; Lieutenant Victor
Sotelo; Deputy Patrick Morey; Deputy Jose Navares; Deputy Thomas
Anderson, Deputy Joy Birch, Officer Jaime Baltazar, Officer Greg Clark,
Officer Terry Dixon Gustavo Lopez; Jeremy Scott; Tom Kaspar; Sandra
Morales; Phil O'Conner; Scott Griffiths; Bryce Matson; Frank Olive; Rene
Bardeles; Ronaldo Gonzalez; Oliver Hollis; R. Madoyan and DOES 1
through 10, Inclusive.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Jacqueline Nguyen and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV11- 4057 JHN (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** 312 N. Spring St., Rm. G-8 Los Angeles, CA 90012 | [ ] **Southern Division** 411 West Fourth St., Rm. 1-053 Santa Ana, CA 92701-4516 | [ ] **Eastern Division** 3470 Twelfth St., Rm. 134 Riverside, CA 92501 |
| --- | --- | --- |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY